UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

Glenn Mack Jr.
_____

_____
*Full name(s) of Plaintiff(s)*

v.

The Hartford Insurance
Group Incorporated
_____
*Full name(s) of Defendant(s)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

CIVIL ACTION
NO._____

This action is brought for discrimination in employment pursuant to (check only those that apply):

    [X]    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    [ ]    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

    [ ]    Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    [X]    Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name: Glenn Mack Jr.
Street Address: 12 Wellington Road Unit 1
County, City: Upper Darby / Delaware County
State & Zip: Pennsylvania  19082
Telephone Number: 215-346-7509

B.   List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant   Name: The Hartford Insurance Group
Street Address: 1 Hartford Plaza
County, City: Hartford / Hartford County
State & Zip: Connecticut  06115
Telephone Number: _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer: The Hartford Insurance Group
Street Address: REMOTE WORK XXX 12 Wellington Rd. Unit 1
County, City: Upper Darby Delaware County
State & Zip: Pennsylvania  19082
Telephone Number: 215-346-7509

**II.   Statement of the Claim**

A.   The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

☒   Failure to hire me

___   Termination of my employment

___   Failure to promote me

-2-

____ Failure to reasonably accommodate my disability

____ Failure to reasonably accommodate my religion

____ Failure to stop harassment

____ Unequal terms and conditions of my employment

_X_ Retaliation

____ Other (*specify*):_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B. It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) April, (day) 1, (year) 2022.

C. I believe that the defendant(s) (check one):

_X_ is still committing these acts against me.
____ is **not** still committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

_X_ race Black          ____ color _____

____ religion _____   _X_ gender/sex MALE

____ national origin _____

____ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E. The facts of my case are as follow (*attach additional sheets of paper as necessary*):

Praying for relief through Pennsylvania Criminal History Record Information Act which carries a 6 year statute of limitations and also through diversity jurisdiction as defendant is located in a different state and claim amount exceeds the requirements

-3-

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III. Exhaustion of Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: _____ (*Date*).

B. The Equal Employment Opportunity Commission (*check one*):

    \_\_\_\_ has not issued a Notice of Right to Sue Letter.
    _X_ issued a Notice of Right to Sue Letter, which I received on _____ (*Date*).

**NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C. *Only plaintiffs alleging age discrimination must answer this question.*

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

    \_\_\_\_ 60 days or more have passed.
    \_\_\_\_ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: _____ (*Date*).

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

    _X_ One year or more has passed.
    \_\_\_\_ Less than one year has passed.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

- [X] Direct the defendant to hire the plaintiff.
- [ ] Direct the defendant to re-employ the plaintiff.
- [ ] Direct the defendant to promote the plaintiff.
- [ ] Direct the defendant to reasonably accommodate the plaintiff's disabilities.
- [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.
- [ ] Direct the defendant to (*specify*): _____
- [X] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
- [ ] Other (*specify*): _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 9 day of September, 2025.

Signature of Plaintiff  *G. Mack*
Address
12 Wellington Rd. Unit 1
Upper Darby, PA 19082

Telephone number   215-346-7509
Fax number (*if you have one*)

Please email all notices to:
mrgmackjr@gmail.com

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE NO:

JURY TRIAL DEMANDED

GLENN MACK JR, pro se

Plaintiff,

REC'D SEP 1 2 2025

Vs.

THE HARTFORD INSURANCE GROUP INCORPORATED

Defendant

## COMPLAINT

Plaintiff, Glenn Mack Jr. (hereinafter "Plaintiff") brings claim against Defendant, The Hartford Insurance Group Incorporated and files this complaint alleging as follows :

## THE PARTIES

1. Plaintiff, Glenn Mack Jr. is a 38 year old male who resides in Upper Darby Township, County of Delaware, Commonwealth of Pennsylvania. Plaintiff is a "job applicant" as defined by the EEOC and under CHRIA
2. Defendant, The Hartford Insurance Group is incorporated and headquartered in the state of Connecticut . The Hartford Insurance Group conducts business in all 50 states including the commonwealth of Pennsylvania. The Hartford Insurance Group is an "employer" as defined by the EEOC and under CHRIA

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. 1332 as the amount in controversy exceeds the sum of $75,000 and involves citizens of different states.
4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## INTRODUCTION

5. Criminal history records are readily available through public and private databases and employers commonly conduct criminal background checks on job applicants. A report that is anything but blank can severely undermine an individual's employment possibilities for their entire life. A criminal history results in collateral consequences that can expand an individual's punishment beyond that originally contemplated by the criminal justice system.

6. For that reason, Pennsylvania law, pursuant to CHRIA, provides important substantive and procedural protections to job applicants with criminal records. Unfortunately, many employers do not comply with the CHRIA.

7. CHRIA applies to all Pennsylvanian employers that are deciding whether or not to hire an applicant based in whole or in part on the basis of the applicant's criminal history record information. This includes applicants who have been conditionally hired and are being considered for permanent employment.

8. CHRIA provides that felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.

9. CHRIA forbids employers from considering arrests or charges that did not result in convictions, including withdrawn charges, when making hiring decisions.

10. CHRIA requires that when an employer denies a job application in whole or in part on the basis of criminal history record information, the employer must notify the applicant in writing of such basis for its decision.

11. Plaintiff, Glenn Mack Jr., has experienced substantial damage to his reputation and to his ability to earn an income that the TitleVII and CHRIA laws were designed to prevent. Plaintiff claims arises out of The Hartford Insurance Group's refusal to employ him due to a one time occurrence that happened over 9 years ago at the time of this filing and is completely unrelated to the position which the Plaintiff applied for.

## FACTS

12. For 30 years Glenn Mack Jr. has never had a misdemeanor/felony charge or conviction.

13. On or about March 2016 The plaintiff had a one time occurrence in which resulted in 3 misdemeanor convictions for disorderly conduct, resisting arrest, and simple assault
14. These convictions stem solely from a police officer using "cover charges" to excuse his multiple uses of unwarranted force with taser and baton.
15. In 2016 body cameras were not widely available and utilized, therefore there was no evidence used to convict Mr. Mack other than the police officer's testimony against the plaintiff to cover the officers actions
16. No one was injured in the encounter other than the plaintiff Glenn Mack who still maintains his innocence, and no one else accuses Mr. Mack other than the one police officer.
17. Due to much outcry over their policing bias it was revealed that the Lower Merion Police Department (who employed the officer at the time Glenn Mack Jr. was charged) had a 2011-2012 arrest rate of non-blacks **29.3** and arrest rate of blacks at **198.4** despite having a black population of less than **6%**
18. Glenn Mack Jr. is a victim of these LMPD biases and has no prior record at all before this one occurrence and no incident since then. No one is a victim of Glenn Mack's history which is non existent at the time of the one occurrence while Glenn Mack is a victim of LMPD's history which is well known for targeting African American men at this time
19. Had Glenn Mack Jr. not been passing through Lower Merion on said day he would have no record at all to this day, as he has not been charged prior or post this one time occurrence for absolutely any criminal activity .
20. Post this one time incident Glenn Mack Jr. enrolled in Insurance school in 2016 and earned his property and casualty license from the Commonwealth of Pennsylvania in early 2017.
21. Glenn Mack had entered into the insurance industry and was employed successfully doing similar work of customer service/sales both in person at designated offices and from home remotely .
22. About six years after the one time occurrence, in 2022 Glenn Mack applied for a similar type of position as a 100% remote at home customer service representative; a position that he was previously successful at prior to applying at The Hartford Insurance Group.
23. Mr. Mack went through a vigorous and multiple step pre employment screening process which included tests and behavioral based scenarios to validate accurate predictors of future success at the company; in which he passed through thoroughly and efficiently

24. He also went through a multiple selection interview process post his initial preliminary tests that measured his knowledge, skills and behaviors to predict future success at the company. Mr. Mack passed easily proving he was a perfect fit for the job
25. Glenn Mack Jr. was subsequently offered the position in which he accepted. The offer was contingent on passing background check.
26. On or about April 2022 **EXHIBIT A** it was relayed that the offer had been rescinded based on a unsatisfactory background check results
27. The one time occurrence and misdemeanors in no way directly relate to the job in question, especially since this was a one time incident at the age of about 30 years old with no prior charges/convictions. The plaintiff has shown success in the industry post the one time incident earning his license and passing a vigorous employment hiring process/testing with The Hartford Insurance Group.
28. Glenn Mack was to be employed 100% at home remotely **EXHIBIT D** in Upper Darby, Pennsylvania by The Hartford Insurance Group headquartered in Hartford, Connecticut and none of the charges have a direct connection to his ability to continue to be successful at the position he is qualified for. Mr Mack has attached evidence from the HR hiring department clearly expressing Glenn's sincerity and amiability. Email also expresses how The Plaintiff Mr.Mack is **qualified** for the position even after the one time incident **EXHIBIT A**
29. After receiving background check The Hartford Insurance Group willfully decided not to extend employment to plaintiff based solely on the basis of criminal history and the one time incident not related to the at home remote employment position sought by the plaintiff
30. The above actions and omissions by The Hartford Insurance Group violated Federal and Pennsylvania law and has injured the plaintiff both financially and emotionally.

## COUNT I

### Discrimination in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")

31. Plaintiff is a African American Male
32. Plaintiff is duly qualified for the position according to job description
33. The Defendant's actions has disparate impact on African American Men
34. Plaintiff's employment offer was rescinded because of employment practices that violate TitleVII
35. The Defendants employment practice of solely using background check in its hiring process to rescind its employment offer to qualified candidates may appear neutral but it adversely

affects African American Men including those like the plaintiff with a one time occurrence that are trying to secure employment to continue to live a law abiding life

## COUNT II
### Violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P. S. §955

36. Plaintiff is a African American Male
37. Plaintiff is duly qualified for the position offered
38. The Defendant's actions causes disparate impact of African American Men
39. The Defendant's employment practices discriminated against the plaintiff
40. The plaintiff's employment offer was rescinded because of employment practice in violation of the PHRA
41. PHRC's analysis of statistics show a nationwide disproportionate conviction rate of African-American Men as well as the larger disparity evidenced by Pennsylvania-specific data.
42. This data has led the PHRC to propose that an employer's use of criminal convictions in deciding who not to hire should be presumed to have engaged in "disparate impact" discrimination against African-American and Hispanic applicants when employment offer is rescinded based solely on background check.
43. The PHRA disallows any defense that the employer's own workforce demographics rebut that presumption of disparate impact violation

## COUNT III
### Failure to hire Violation of the PA CHRIA

44. Plaintiff's failure to hire the plaintiff violates the Pennsylvania Criminal History Record Information Act ("PCHRA"). 18 Pa. C.S.A. §9125.
45. The Plaintiff was offered a position of employment from the defendant
46. The Defendant willfully decided to rescind its employment offer based solely on information that was part of the plaintiffs criminal history background check
47. Mr. Mack's one, first and last occurrence and charges at the age of 30 years old, have no direct connection or liability to the job in question as it is a 100% remote at home position

48. Mr. Mack's position sought has no connection to the charges due to the fact that the job in its capacity does not require or allow Mr. Mack any physical access to clients or fellow employees despite him already being proven successful in both scenarios (in person and remotely) post occurrence in similar positions
49. This was a one time incident in which to this day Mr. Mack maintains his innocence. This incident occurred at the age of about 30 with no pattern of prior or post activity deemed criminal when Mr. Mack applied to The Hartford Insurance Group years past the incident.
50. Mr. Mack also, post occurrence successfully obtained his insurance license and successfully worked in the industry both in office and at home remotely in the same capacity as the position applied for.
51. The position sought by Mr. Mack was solely a 100% at home remote position which has no connection to the charges used to violate Mr. Mack's legal rights
52. Accordingly The Hartford Insurance Group willfully violates 18 Pa. C.S. § 9125(c)rendering it liable for its continuous action, and inaction in the matters addressed above as Mr. Mack has reached out on multiple occasions to try to have his application reevaluated as to avoid filing a claim and burdening this fine court **EXHIBIT B & EXHIBIT C**

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, and:

    A. Order the Defendant to hire The Plaintiff and give him a chance at the 100% at home remote position

    B. Compensate for loss of Income amounting to $146,964

C. . Award injunctive relief, pursuant to 18 Pa. C.S. § 9183(a), compelling Defendants to discontinue their practices of violating 18 Pa. C.S. § 9125 in their hiring processes and providing a system to monitor compliance;

D. Award Plaintiff actual and real damages not less than $100 for each of these violations, pursuant to 18 Pa. C.S. § 9183(b)(2);

E. Award Plaintiff exemplary and punitive damages not less than $1,000 and not more than $10,000 for each of these violations, pursuant to 18 Pa. C.S. § 9183(b)(2);

F. Award Plaintiff reasonable costs of litigation and attorneys' fees, pursuant to 18 Pa. C.S. § 9183(b)(2); and

G. Award Plaintiff such other and further relief that this Honorable Court deems just and appropriate.

H. It is with the power of this fine court to have the ability to decrease unemployment immediately and decrease chances for crime, recidivism poor health (which will be exhibited with evidence upon the next filing) among many other issues which stems directly from lack of fair employment opportunity

**JURY TRIAL DEMANDED**

The Plaintiff respectfully requests a jury trial on all questions of fact raised by this complaint

Respectfully Submitted
Glenn Mack Jr. Pro Se
September 9, 2025

On January 12, 2023, a court ruled in the case Ramos v. Walmart, Inc. that a six-year statute of limitations applies to claims under Pennsylvania's Criminal History Record Information Act (CHRIA), which governs the use of criminal background checks by employers.

please email case number, all notices and correspondence to
MRGMACKJR@GMAIL.COM

Thanks!

X _____
Glenn Mack Jr.
September 9, 2025
Plaintiff pro se

Was told to relay email address for notices.

mrgmackjr@gmail.com

FROM:

Glenn Mack
12 Wellington Road
Unit 1
Upper Darby, PA 19082

TO:

James A. Byrne U.S. Courthouse
601 Market Street
Room 2609
Philadelphia, PA 19106

Attention Clerk of Court
INITIAL FILING

Utility Mailer
10 1/2" x 16"

---

**UNITED STATES POSTAL SERVICE** — Retail

**G** — US POSTAGE PAID
$7.30
Origin: 08401
09/10/25
3302990401-60

USPS GROUND ADVANTAGE®

0 Lb 5.40 Oz
RDC 01
C019

SHIP TO:
RM 2609
601 MARKET ST
PHILADELPHIA PA 19106-1732

USPS TRACKING® #
9500 1143 5503 5253 5786 78

RECEIVED SEP 11 2025

U.S.P.S. X-RAY